IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Marc & Tammy Schuler, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Enhanced Recovery Company, LLC, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Marc & Tammy Schuler, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), North Carolina Fair Debt Collection Practices Act, and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiffs, Marc & Tammy Schuler ("Plaintiffs"), are adult individuals residing in Asheville, North Carolina, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6.  The Plaintiffs allegedly incurred a financial obligation (the "Debt") to AT&T (the "Creditor").

7.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.  The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

9.  The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

10. Within the last year, Enhanced placed three (3) calls a day to Plaintiffs' residential telephone in an attempt to collect the Debt.

11. When Enhanced reached Plaintiff Mark Schuler, (herein, "Mr. Schuler"), Mr. Schuler advised Enhanced they could not afford to pay the Debt and requested it stop calling.

12. Enhanced threatened to garnish Plaintiff Schuler's wages.

13. Plaintiff Schuler informed Enhanced he received Social Security.

14. Enhanced threatened to "go after" his Social Security payments.

15. On several occasions, Enhanced reached Plaintiff Tammy Schuler (herein, "Mrs. Schuler").

16. Mrs. Schuler also informed Enhanced that they could not afford to pay the Debt and requested that they stop calling.

17. Despite receiving repeated notice from Mr. and Mrs. Schuler that they could not repay the Debt, Enhanced continues to call the Schulers 2-3 times a day.

18. Enhanced used rude language when speaking with Plaintiffs, often yelling at them in an aggressive manner.

### C. Plaintiffs Suffered Actual Damages

19. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation and anger.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used abusive language when speaking with Plaintiffs.

24. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiffs with garnishment if the Debt was not paid.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen.Stat. § 58-70, et seq.

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiffs are "persons" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

32. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

33. The Defendant represented that nonpayment of the Debt might result in the seizure, garnishment, attachment, or sale of any property or wages, in violation of N.C. Gen.Stat. § 58-70-95(6).

34. The Defendant threatened to take any action not in fact taken in the usual course of business, in violation of N.C. Gen.Stat. § 58-70-95(7).

35. The Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader, in violation of N.C. Gen.Stat. § 58-70-100(1).

36. The Defendant caused a telephone to ring or engaged the Plaintiffs in telephone conversation with such frequency as to be unreasonable and to constitute a harassment to the Plaintiffs under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

37. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen.Stat. § 58-70-110(4)

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

5

Case 1:12-cv-00015-MR-DLH   Document 1   Filed 01/26/12   Page 5 of 7

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiffs; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 26, 2012

                                                 Respectfully submitted,

                                                 By  /s/ Stacie Watson

                                               Stacie Watson, Esq. (Bar No.: 23890)
                                             Law Office of Stacie Watson
                                             P.O. Box 1412
                                             Apex, North Carolina 27502
                                             Telephone: (919) 522-6128
                                             Facsimile:  (919) 439-5308
                                             Email: swatsonattorney@bellsouth.net
                                             Attorneys for Plaintiffs

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424